# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-mj-2049DPR** |
| **DARNELL LAMONT JENNINGS,** | |
| **Defendant.** | |

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by Teresa A. Moore, Acting United States Attorney for the Western District of Missouri, and Cameron A. Beaver, Special Assistant United States Attorney, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the safety of other persons and the community and the appearance of the defendant. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of possession, with intent to distribute, 400 grams or more of a mixture or substance containing a detectable amount of N-[1-(2-phenylethyl)-4-piperidinyl] prompanamide (fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged by criminal complaint with possession, with intent to distribute, 400 grams or more of a mixture or substance containing a detectable amount of N-[1-(2-phenylethyl)-4-piperidinyl] prompanamide (fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), a crime for which the possible term of imprisonment is not less than ten years and not more than life.

Accordingly, upon a showing that there exists probable cause that the defendant committed the offense referred to in the criminal complaint, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Additionally, Sections 3142(e) and (f)(1) provide a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act, as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744.

Title 18, United States Code, Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will reasonably assure the safety of

the community. These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the defendant, including her criminal history; and (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)*; United States v. Tortora,* 922 F.2d 880, 885-86 (1st Cir.1990). Danger to the community does not only refer to physical violence but can apply to any likely conduct that will hurt the community, including the potential of continued criminal activity. *See United States v. Tortora,* 922 F.2d 880 (1st Cir.1990).

With regard to the nature and circumstances of the offense charged and the weight of the evidence against the defendant, the Government submits the following:

On or about September 7, 2021, Missouri State Highway Patrol (MSHP) Corporal Tim Barrett conducted a traffic stop on a black 2014 Ford F-150 bearing Missouri license plate 9SEW63. The vehicle was stopped traveling westbound on Interstate 44 near the 88 mile-marker in Greene County, Missouri, within the Western District of Missouri.

Cpl. Barrett contacted the driver identified as S.W. and the sole passenger identified as Darnell Lamont JENNINGS. Upon contact with the occupants of the vehicle, Cpl. Barrett immediately detected the odor of raw, unburnt marijuana emitting from inside the vehicle.

JENNINGS indicated to Cpl. Barrett that the vehicle was his. Cpl. Barrett then asked JENNINGS to exit the vehicle and speak with him. JENNINGS was asked if he possessed a medical marijuana card and JENNINGS responded that he did not. Cpl. Barrett conducted a search of the vehicle roadside and located within the glove compartment, behind the glove box, a bag containing approximately 38 grams of raw marijuana.

A subsequent search of the vehicle yielded two separate bags of a substance that field tested positive for fentanyl. The two bags had a combined weight of approximately 449 grams. The first

bag, weighing approximately 276 grams, was located in the head liner above the rear passenger side door. The second bag, weighing approximately 173 grams, was located in the head liner above the rear driver side door. Both bags were field tested and indicated a positive response for fentanyl.

Additionally, JENNINGS has been the subject of an ongoing Ozark Drug Enforcement Team (ODET) narcotics investigation. Beginning in March 2021, detectives with ODET began receiving information that JENNINGS was distributing fentanyl in the Joplin, Missouri, area. Since that time, detectives have been able to utilize Confidential Informants (CI's) to conduct multiple purchases from JENNINGS of controlled substances that were later field tested and provided a positive response for fentanyl. The CI's used to conduct those controlled purchases of fentanyl from JENNINGS have been proven truthful and reliable to law enforcement based on their cooperation and involvement in previous investigations. Sources also provided information to ODET that JENNINGS regularly travels to St. Louis, Missouri, to courier fentanyl to Joplin, Missouri.

For the reasons set forth above, the United States requests that a detention hearing be held, and that the defendant be denied bail.

Respectfully submitted,

TERESA A. MOORE
Acting United States Attorney

By     /s/ Cameron A. Beaver
Cameron A. Beaver
Special Assistant United States Attorney
Missouri Bar No. 67947
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

## Certificate of Service

       The undersigned hereby certifies that a copy of the foregoing was delivered on September 14, 2021, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

<div style="margin-left: 40%;">

*/s/ Cameron A. Beaver*
Cameron A. Beaver
Special Assistant United States Attorney

</div>